OPINION OF THE COURT
Daniel F. McMahon, J.
An investigation resulting mainly from wiretaps resulted in 10 indictments charging seven individuals and three corporations. The original wiretap related to investigations of a scheme to defraud Con Edison and its commercial customers. The investigation was expanded and three individuals were charged with conspiracy to murder.
At this juncture, the hearing to commence before this court was to involve the unsealing of eavesdropping recordings. Following yesterday’s brief organizational conference and procedural hearing, Mr. Bill Hoffman, a reporter from one of the Gannett newspapers, made an informal request that earphones be provided to him for the purpose of listening to the taped conversations throughout *430 the entire minimization, audibility and conformity hearing. That request was denied pending the opportunity for all attorneys, including the attorney for Hoffman and the Gannett Press to be heard. All arguments were heard this morning.
The court reserved decision in order to carefully weigh this matter.
At the outset, this court recognizes the important need for public viewing of the criminal proceedings and the inherent dangers that secret trials and proceedings do create. Notwithstanding this, the First Amendment rights of the public and the media to attend all aspects of trial is not absolute, and must be reconciled with the defendant’s Sixth Amendment right to a fair trial. We must strike a balance and we must do so on the facts presented. (Gannett Co. v De Pasquale, 443 US 368.)
CPL article 700, dealing with eavesdropping warrants, was modeled on Federal law (title III of the Omnibus Crime Control and Safe Streets Act of 1968 [82 US Stat 197]). The legislative intent of the Federal law expressed an overriding concern for privacy in order to guard against the disclosure of unlawfully intercepted conversations. Our New York law has followed this concept.
In order to strike a balance we must consider not only the concept of a public trial and the defendant’s right to privacy, but also the rights of innocent third parties. At least one wiretap was allegedly placed in a family residence where, over a period of months, many unrelated calls were made and received. The court is aware that such interceptions were not authorized by the wiretap order but the tapes are yet to be heard. We must not overlook the independent right to privacy of innocent third parties.
It is well settled that adverse publicity can endanger defendant’s right to a fair trial. (Sheppard v Maxwell, 384 US 333.) Each counsel for the defense, when given an opportunity to speak, urged the court on a number of grounds to close the hearing in its entirety. Each had grave reservations and a deep concern about the likelihood of prejudicial statements being disclosed.
*431 A Trial Judge has an affirmative duty to minimize the effect of prejudicial pretrial publicity. (United States v Cianfrani, 573 F2d 835.)
While it is true that in the omnibus decision by Judge Cowhey, the validity of the wiretap order has been upheld, that decision is merely a threshold requirement for the minimization hearing and does not pass on the conversations recorded on tapes. The central issue of the hearing is whether there was strict compliance with the wiretap order and minimization procedure. Only by listening to the tapes can this properly be determined.
Upon careful consideration of this important issue, this court finds a reasonable possibility of prejudicial material being illegally and improperly obtained in violation of the wiretap order. In addition, in this case there is the special circumstance of the innocent third parties and whether improper recordings of their conversations violated their rights to privacy.
In order to strike a balance between the First Amendment rights of the press/public and the Sixth Amendment rights of defendants to a fair trial and an impartial jury, this court denies the defense applications to close this pretrial hearing to the press and public. However, the court will deny the reporter (and newspaper) the right to hear the tape recordings during this hearing. (Gannett Co. v De Pasquale, supra; United States v Cianfrani, supra.)
Upon completion of this hearing, the court will direct a transcript of all recordings found to be legally and properly obtained be made available to the reporter and this Gannett newspaper chain at their expense.